**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| JIMMIE HENSON, | |
| Plaintiff, | |
| v. | CASE NO.: |
| JACOB BRIDGES, individually and as an employee with Baldwin County, Alabama Sherrif's Office, | |
| Defendant. | |

**COMPLAINT**

The Plaintiff, **JIMMIE DALE HENSON**, by and through the undersigned counsel, hereby files this Complaint against Defendant, **JACOB BRIDGES**, and states as follows.

1. This action is brought pursuant to 28 U.S. Code § 1331, 42 U.S. Code §1983, 42 U.S. Code § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. Venue is proper in the United States District Court for the Southern District of Alabama, Mobile Division, as Defendant Bridges is employed by the Baldwin County Sheriff's Department and the overwhelming portion of all pertinent facts occurred within Baldwin County, Alabama.

3. Plaintiff, Jimmie Dale Henson ("Plaintiff"), is an individual of the age of majority who is domiciled in Baldwin County, Alabama.

4. Defendant, Jacob Bridges ("Defendant") is a deputy for Baldwin County, Alabama's Sheriff's Department.

1

5.      At all times herein mentioned, Defendant was acting under the color of state law, to wit under the color of statutes, ordinances, regulations, policies, customs and usages of the County and State of Alabama.

6.      Plaintiff is a 68-year-old man that has been a registered nurse for the majority of his life.

7.      Plaintiff has been a full-time caretaker for his medically complex daughter since February 2021, who suffers with anaphylactic acute episodes of asthma.

8.      Plaintiff's daughter requires 18 oral medications on carefully scheduled intervals, along with the use of a nebulizer and three different inhaled medications every four to six hours.

9.      Upon information and belief, on March 13, 2025, Plaintiff was driving his granddaughter home at night and, as they entered into his neighborhood, Plaintiff allowed his granddaughter to enter through the sunroof of the vehicle and lie on top of the vehicle so she could look at the stars ("incident").

10.     Plaintiff drove extremely slowly and safely until he entered his driveway.

11.     Plaintiff's granddaughter was on top of the vehicle for approximately one minute.

12.     This incident was reported by a neighbor to Defendant Bridges on or about March 14, 2025.

13.     On March 17, 2025, Defendant Bridges came to the Plaintiff's residence to discuss the above-incident and was confrontational.

14.     Plaintiff was not arrested.

15.     On March 17, 2025, Plaintiff reported Defendant Bridges' conduct to Baldwin County, Alabama Sheriff Anthony Lowery ("Sheriff Lowery").

16.     On March 18, 2025, Defendant Bridges contacted Plaintiff's daughter by text message, stating:

   "Good morning Sarah, this is Deputy Bridges who spoke with you and your father yesterday. I am doing a documentation report of the incident with your daughter riding on the top of the car. Can I get her full name and date of birth please. Thank you."

17.     On March 18, 2025, Plaintiff's daughter made Defendant Bridges aware of the report to Sheriff Lowery when she responded to the above-text message by stating:

   "Until Sheriff Lowery responds regarding this incident, I prefer not to comment further. We value a positive relationship with your department as we move forward, and I hope you understand."

18.     On March 24, 2025, Plaintiff's daughter was to receive oral medications, IV Solu-Medrol, and Long-acting insulin at 6:00 am, Short acting insulin at 12:00 pm, IV Solu-Medrol at 2:00 pm, oral medications at 6:00 pm, and IV Solu-Medrol at 10:00 pm.

19.     Plaintiff was the only family member that understood and knew how to administer his daughter's medications.

20.     On that same day, caseworkers with the Baldwin County Department of Human Resources ("DHR") arrived at Plaintiff's home.

21.     The caseworker demanded to speak to all adults and the minor child, which Plaintiff agreed that she could speak with the adults, but not the minor child alone.

22.     Soon thereafter, the caseworker spoke to Defendant Bridges via cellphone, who, unbeknownst to Plaintiff, was outside Plaintiff's home with two other Baldwin County Sheriff deputies.

23.     At 2:28 pm., Defendant Bridges asked the Plaintiff to step outside, to which he complied.

24. At 2:30 p.m., Defendant Bridges instructed the Plaintiff to remove his hand from his pocket and immediately placed Plaintiff under arrest.

25. When confronted by Plaintiff's spouse for the reason of the arrest, Defendant Bridges explained that he felt compelled to act because of how Plaintiff had spoken to DHR and not taking the matter seriously.

26. At approximately 2:39 pm, Defendant Bridges began transporting Plaintiff to Foley City Jail.

27. During transport, Plaintiff informed Defendant Bridges that his daughter had not been given her 2:00 p.m. dosage of IV Solu-Medrol, which placed her health in immediate danger.

28. Defendant Bridges refused to turn around so Plaintiff could explain the urgent steps necessary for his family to administer the medication.

29. At approximately 6:00 p.m., while sitting in jail, an officer, who was not the defendant, informed Plaintiff that his son had called asking for help because Plaintiff's daughter's condition was worsening, and Plaintiff explained how to administer the proper medications as best as he could.

30. On March 25, 2025, Plaintiff was transported to Baldwin County Jail, where he remained until bonding out after 2:00 pm.

31. Defendant Bridges signed and filed a "Complaint" with the District Court of Baldwin County, Alabama, alleging that Plaintiff violated Alabama Code § 13A-013-006 because he was "a parent, guardian or other person legally charged with the care or custody" of the minor child and failed "to exercise reasonable diligence in the control of [the minor child] so as to prevent her from becoming a 'dependent child' or a 'delinquent child.'"

32.     This was due to Plaintiff "driving on a public roadway with a young child on the roof of his car, placing the child at substantial risk of danger to her life or health."

33.     Alabama Code Section 13A-013-006(a) ("Subsection A") provides that a man commits the crime of endangering the welfare of a child when: (1) He…knowingly directs or authorizes a child less than 16 years of age to engage in an occupation involving a substantial risk of danger to his life or health[.]" AL Code § 13A-13-6 (2024).

34.     Section 13A-013-006(b) ("Subsection B") provides that a man commits the crime of endangering the welfare of a child when he, "as a parent, guardian or other personal legally charged with the care or custody of a child…fails to exercise reasonable diligence in the control of such child to prevent him or her from becoming a 'dependent child' or a 'delinquent child.'"

35.     Subsection B applies to individuals acting in loco parentis, which is defined in Alabama as a person that (1) assumes the obligations incident to parental status, without legally adopting the child; and (2) voluntarily performs the parental duties to generally provide for the child. See *Smith v. Smith*, 922 So. 2d 94 (Ala. 2005) at 99.

36.     A "delinquent child" is one "who has been adjudicated for a delinquent act and is in need of care or rehabilitation." AL Code § 12-15-102.

37.     A "dependent child" is a "child *who has been adjudicated dependent by a juvenile court* and is in need of care or supervision" ***and*** meets any of the following circumstances:

"1. Whose parent, legal guardian, legal custodian, or other custodian subjects the child or any other child in the household to abuse, as defined in [§] 12-15-301[, Ala. Code 1975,] or neglect as defined in [§] 12-15-301, or allows the child to be so subjected.

"2. Who is without a parent, legal guardian, or legal custodian willing and able to provide for the care, support, or education of the child.

"3. Whose parent, legal guardian, legal custodian, or other custodian neglects or refuses, when able to do so or when the service is offered without charge, to provide

or allow medical, surgical, or other care necessary for the health or well-being of the child.

"4. Whose parent, legal guardian, legal custodian, or other custodian fails, refuses, or neglects to send the child to school in accordance with the terms of the compulsory school attendance laws of this state.

"5. Whose parent, legal guardian, legal custodian, or other custodian has abandoned the child, as defined in subdivision (1) of [§] 12-15-301.

"6. Whose parent, legal guardian, legal custodian, or other custodian is unable or unwilling to discharge his or her responsibilities to and for the child.

"7. Who has been placed for care or adoption in violation of the law.

"8. Who, for any other cause, is in need of the care and protection of the state." See *id*.

38.    The minor child was never adjudicated delinquent or dependent by any juvenile court, nor was there any subsequent juvenile proceeding initiated because of this incident.

39.    Plaintiff was never a "parent, legal guardian, or legal custodian" of the minor child as defined by any relevant applicable law.

40.    On November 26, 2025, the charges were dismissed.

41.    As a result of this one day illegal incarceration, Plaintiff has suffered, at least, emotional distress, including persistent insomnia, humiliation from being handcuffed and publicly arrested in front of family and neighbors, anxiety and fear regarding the safety and well-being of his chronically ill daughter whose urgent medical care was disrupted, loss of enjoyment of normal family activities, and ongoing psychological harm. Plaintiff also endured significant embarrassment, disruption of family life, and was forced to incur legal expenses.

## COUNT I — WRONGFUL ARREST / FALSE ARREST (FOURTH AND FOURTEENTH AMENDMENTS) — 42 U.S.C. § 1983

42.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 41 as though fully set forth herein.

43.     The Defendant's conduct constituted wrongful arrest and wrongful imprisonment, in violation of Plaintiff's Fourth and Fourteenth Amendment rights, and violated Plaintiff's right to be free from arrest not based on probable cause.

44.     On March 24, 2025, Defendant Bridges subjected Plaintiff to a seizure within the meaning of the Fourth Amendment when he placed Plaintiff under arrest, handcuffed him, and transported him to jail, resulting in a significant restraint on his liberty.

45.     This arrest was unreasonable and unlawful because it was made without probable cause or even arguable probable cause to believe that Plaintiff had committed any criminal offense.

46.     At the time of the arrest, no reasonable officer could believe that allowing a child to briefly lie on the roof of a vehicle traveling extremely slowly within a residential neighborhood for approximately one minute constituted directing or authorizing the child to engage in an "occupation" involving a substantial risk of danger within the meaning of § 13A-13-6(a).

47.     Section 13A-13-6(b) further provides that a person commits the offense when, as a parent, guardian, or other person legally charged with the care or custody of a child, he fails to exercise reasonable diligence in the control of such child to prevent the child from becoming a "dependent child" or "delinquent child."

48.     At the time of Plaintiff's arrest, Defendant Bridges knew or reasonably should have known that Plaintiff was not the parent, legal guardian, or legal custodian of the minor child.

7

49.     Defendant Bridges also knew or reasonably should have known that the minor child had not been adjudicated delinquent or dependent, nor was there any pending juvenile proceeding suggesting that the child was at risk of becoming delinquent or dependent within the meaning of Alabama law.

50.     Accordingly, no reasonable officer could have concluded that Plaintiff's alleged conduct satisfied the statutory elements of § 13A-13-6.

51.     As a direct and proximate result of Defendant Bridges' unconstitutional seizure and wrongful arrest of Plaintiff, Plaintiff has suffered damages as set forth above, including but not limited to deprivation of his liberty, emotional distress, humiliation, and financial loss.

**WHEREFORE**, Plaintiff, **JIMMIE DALE HENSON**, respectfully requests that this Court enter judgment in his favor and against Defendant, JACOB BRIDGES, on Count I of this Complaint, declare that Defendant Bridges violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution by arresting and detaining him without arguable probable cause, award Plaintiff compensatory damages, punitive damages against Defendant Bridges in his individual capacity, and his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and grant such other and further relief as the Court deems just and proper.

### <u>COUNT II: — FIRST AMENDMENT RETALIATION (42 U.S.C. § 1983)</u>

52.     Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 57 as though fully set forth herein.

53.     This claim is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation, under color of state law, of Plaintiff's rights secured by the First and Fourteenth Amendments to the United States Constitution to speak on matters of public concern and to petition the government for a redress of grievances.

54.     On or about March 17, 2025, Plaintiff engaged in constitutionally protected conduct when he reported Defendant Bridges' confrontational and unprofessional behavior to Sheriff Lowery.

55.     Defendant Bridges became aware of Plaintiff's protected conduct on March 18, 2025, when Plaintiff's daughter informed him via text message that a report had been filed with the Sheriff.

56.     In retaliation for Plaintiff's protected conduct, Defendant Bridges took adverse action against him by escalating his investigation, appearing at Plaintiff's home with two other deputies, arresting Plaintiff, and causing criminal charges to be filed against him.

57.     Defendant Bridges further indicated that Plaintiff's arrest was prompted in part by Plaintiff's demeanor and statements to DHR personnel, demonstrating that Plaintiff's speech and expression were factors motivating the arrest.

58.     The absence of probable cause for the charge supports the inference that Defendant Bridges' actions were substantially motivated by retaliation for Plaintiff's protected speech and petitioning activity.

59.     Defendant Bridges' retaliatory conduct would deter a person of ordinary firmness from continuing to engage in protected speech or from reporting law enforcement misconduct to supervisory officials.

60.     As a direct and proximate result of Defendant Bridges' retaliatory conduct, Plaintiff was wrongfully arrested, incarcerated, and forced to defend against baseless criminal charges, causing him to suffer damages as set forth above.

61.     Defendant Bridges acted intentionally, maliciously, and with reckless disregard for Plaintiff's clearly established constitutional rights, entitling Plaintiff to punitive damages.

9

WHEREFORE, Plaintiff, **JIMMIE DALE HENSON**, respectfully requests that this Court enter judgment in his favor and against Defendant, JACOB BRIDGES, on Count II of this Complaint, declare that Defendant Bridges violated Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution by arresting and initiating criminal proceedings against him in retaliation for engaging in protected speech and petitioning activity, award Plaintiff compensatory damages, punitive damages against Defendant Bridges in his individual capacity, and his reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

 /s/  Yancey N. Burnett
Yancey N. Burnett  (BURl0l)
Attorney for Plaintiff
8319 Spanish Fort
Blvd. Spanish Fort, AL 36527
(251) 662-7500

Plaintiffs respectfully demands trial by jury.

 /s/  Yancey N. Burnett
Yancey N. Burnett  (BUR101)

Defendant may be served at:

Jacob Bridges
Baldwin County Sheriff's Office
320 N. Hoyle Ave.
Bay Minette, AL 36507

10